# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Realm Licensing LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **Pipedrive Inc.,** <br><br> Defendant. | Case No. <br><br> Patent Case <br><br> Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Realm Licensing LLC ("Plaintiff"), through its attorneys, complains of Pipedrive Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Realm Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 5570 FM 423, Suite 250-2015, Frisco, TX 75034.

2. Defendant Pipedrive Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 460 Park Avenue South, 5th Floor, New York, New York, 10016.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District and is incorporated in this District's state. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District and is incorporated in this District's state.

## PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,324,551 and 6,330,573 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '551 PATENT

8. The '551 Patent is entitled "Self-contained document management based on document properties," and issued 11/27/2001. The application leading to the '551 Patent was filed on 08/31/1998. A true and correct copy of the '551 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '551 Patent is valid and enforceable.

## THE '573 PATENT

10. The '573 Patent is entitled "Maintaining document identity across hierarchy and non-hierarchy file systems," and issued 12/11/2001. The application leading to the '573 Patent

was filed on 08/31/1998. A true and correct copy of the '573 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '573 Patent is valid and enforceable.

## COUNT 1: INFRINGEMENT OF THE '551 PATENT

12. Plaintiff incorporates the above paragraphs herein by reference.

13. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '551 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '551 Patent also identified in the charts incorporated into this Count below (the "Exemplary '551 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '551 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

14. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '551 Patent Claims, by having its employees internally test and use these Exemplary Products.

15. Exhibit 3 includes charts comparing the Exemplary '551 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '551 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '551 Patent Claims.

16. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

17. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

COUNT 2: INFRINGEMENT OF THE '573 PATENT

18. Plaintiff incorporates the above paragraphs herein by reference.

19. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '573 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '573 Patent also identified in the charts incorporated into this Count below (the "Exemplary '573 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '573 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

20. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '573 Patent Claims, by having its employees internally test and use these Exemplary Products.

21. Exhibit 4 includes charts comparing the Exemplary '573 Patent Claims to the Exemplary Defendant Products.  As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '573 Patent.  Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '573 Patent Claims.

22. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

23. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

24. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '551 Patent is valid and enforceable

B. A judgment that the '573 Patent is valid and enforceable

C. A judgment that Defendant has infringed directly one or more claims of the '551 Patent;

D. A judgment that Defendant has infringed directly one or more claims of the '573 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '551 Patent.

G. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '573 Patent.

H. And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

    i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

    ii.    that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

**GAWTHROP GREENWOOD, PC**
/s/ *David deBruin*
David W. deBruin, Esq. (#4846)
3711 Kennett Pike, Suite 100
Wilmington, DE 19807
Phone: 302-777-5353
ddebruin@gawthrop.com

Dated: November 24, 2020

*Counsel for Plaintiff*
*Realm Licensing LLC*

Isaac Rabicoff, Esq.
**Rabicoff Law LLC**
(Pro Hac Vice admission pending)
5680 King Centre Dr., Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com